Filed 12/24/25  P. v. Sims CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338701 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA309999) |
| v. | |
| THEODORE ALLEN SIMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Theodore Sims, in pro. per.; Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Theodore Allen Sims appeals from the superior court's order denying his motion to vacate his conviction under Penal Code section 1473.6.[1] We appointed counsel to represent Sims on appeal. After reviewing the record on appeal, counsel for Sims filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in Sims's supplemental brief, we have not identified any either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2006 Sims failed to stop his car at a stop sign. When the police attempted to pull him over, Sims took off in his car. During the car chase, Sims ran through several stop signs and traffic lights and reached speeds of over 100 miles per hour. The chase ended when Sims crashed his car into a chain-link fence and was arrested.

The information charged Sims with one felony count of evading a peace officer (Veh. Code, § 2880.2, subd. (a); count 1); one misdemeanor count of driving under the influence of alcohol or drugs (*id.*, § 23152, subd. (a); count 2); one misdemeanor count of reckless driving (*id.*, § 23103, subd. (a); count 3); and one misdemeanor count of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a).) As to count 1, the information further alleged that Sims had suffered a prior serious or violent felony conviction under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that

---

[1] Further undesignated statutory references are to the Penal Code.

he had suffered four prior prison terms within the meaning of former section 667.5, subdivision (b).

On June 20, 2007 Sims pleaded no contest to counts 1 and 2, and the superior court sentenced him to six years in state prison. On count 1, the court sentenced Sims to the upper term of three years, doubled under the three strikes law. On count 2, the court placed Sims on three years' summary probation. The court dismissed the remaining counts.

On November 9, 2023 the Los Angeles County District Attorney's Office sent Sims a letter (District Attorney letter) notifying him that former Los Angeles Police Officer Alfred Aleman, who was listed as a prosecution witness, "ha[d] a sustained finding for sexual assault and dishonesty related to an incident that occurred on September 11, 2007." The letter stated "[t]his information is being disseminated for notification purposes only [and] [y]ou may proceed with whatever action you deem appropriate."

On April 13, 2024 Sims, representing himself, filed a motion to vacate his judgment of conviction under section 1473.6, subdivisions (a)(1) to (3) and (b), based on "[p]olice [m]isconduct" disclosed in the District Attorney letter.[2] Sims argued, "It took over 17 years to disclose the impeaching and exculpatory evidence that L.A. D.A.'s office had in it's [*sic*] possession and the malicious failure to timely disclose such criminal misconduct by a prosecution witness is so malicious and blatant violations of the prosecutorial misconduct. . . . The above constitutes an 'error of

---

[2]     Sims had earlier filed a motion to vacate his sentence under section 1473.7 subdivision (a)(2), but the superior court denied the motion on April 8, 2024. Sims does not appeal from that denial.

constitutional magnitude, an error of law that was so fundamental as to render the entire proceeding invalid.' . . . [¶] This plea was void 'ab initio' in violation of the 5th, 6th and 14th Amendments and the parallel provisions of the California constitution."

On May 20, 2024 the superior court denied Sims's motion to vacate, explaining in its written ruling, "Section 1473.6, subdivision (a) allows those no longer in custody to move to have their conviction vacated based on newly discovered evidence of fraud, false testimony, or fabrication of evidence by a governmental official. Here, there is no allegation of fraud, false testimony, or fabricated evidence. While defendant does allege that this sort of misconduct may be used as impeachment evidence against an officer testifying on behalf of the prosecution, it necessarily could not have been used in defendant's case because defendant's conviction occurred before the misconduct referenced in the letter."

Sims timely appealed from the denial of his motion.

## DISCUSSION

We appointed counsel to represent Sims in his appeal from the superior court's order denying his motion to vacate his conviction. After reviewing the record, appointed counsel did not identify any arguable issues. On July 7, 2025 appointed counsel advised Sims that he was filing a brief stating he was unable to find any arguable issues and that Sims could personally submit any contentions he believed the court should consider and that this court would dismiss the appeal if he did not file one. Counsel

4

also stated in his declaration that he sent Sims the transcripts of the record on appeal and a copy of the brief.

On October 14, 2025 Sims filed a three-page supplemental brief with 74 pages of exhibits, purporting to show that following the denial of his motion to vacate, he "discovered that the arresting officers had been involved and/or investigated in multiple instances of misconduct in other cases/complaints during the same relevant timeframes. . . .  Which clearly and irrefutably prove the arresting officers were aware of and covered-up police misconduct repeatedly and to date by the Los Angeles D.A.'s office."  Sims asserted the "criminal misconduct . . . was not an isolated incident" such that "the plea bargain was not a legally binding knowingly, intelligent, voluntary contract," and therefore he is entitled to relief under section 1473.6, subdivision (a).

Section 1473.6, subdivision (a), provides, "Any person no longer unlawfully imprisoned or restrained may prosecute a motion to vacate a judgment for any of the following reasons:  [¶] (1) Newly discovered evidence of fraud by a government official that completely undermines the prosecution's case, is conclusive, and points unerringly to his or her innocence.  [¶]  (2) Newly discovered evidence that a government official testified falsely at the trial that resulted in the conviction and that the testimony of the government official was substantially probative on the issue of guilt or punishment.  [¶]  (3) Newly discovered evidence of misconduct by a government official committed in the underlying case that resulted in fabrication of evidence that was substantially material and probative on the issue of guilt or punishment.  Evidence of misconduct in other cases is not sufficient to warrant relief under this paragraph."  Any motion

5

brought under this section must be filed within one year of "[t]he date the moving party discovered, or could have discovered with the exercise of due diligence, additional evidence of the misconduct or fraud by a government official beyond the moving party's personal knowledge." (§ 1473.6, subd. (d).)

The District Attorney letter concerned incidents of asserted police misconduct that occurred after Sims pleaded no contest, and thus, the "[n]ewly discovered evidence" could not have been used at Sims's trial or have shown fraud, false testimony, or fabricated evidence used in obtaining the plea. As discussed, Sims entered his no contest plea on June 20, 2007, and the sexual misconduct incident occurred three months later—on September 11, 2007.

Sims attaches additional reports to his supplemental brief allegedly showing other "instances of misconduct" by officers involved in his case. However, "[a]ppellate jurisdiction is limited to the four corners of the record on appeal." (*In re Carpenter* (1995) 9 Cal.4th 634, 646; see *People v. Peevy* (1998) 17 Cal.4th 1184, 1207 ["an appellate court generally is not the forum in which to develop an additional factual record"].) Because the new reports of alleged police misconduct are not in the appellate record, we cannot consider the new evidence on appeal.

Because no cognizable legal issues have been raised by Sims's appellate counsel or by Sims or identified in our independent review of the record, the order denying his motion to vacate is affirmed. (See *People v. Delgadillo, supra,* 14 Cal.5th at pp. 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442).

6

## DISPOSITION

The order is affirmed.

FEUER, J.

We concur:

MARTINEZ, P. J.

STONE, J.